IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 14-cv-01534-LTB-MJW

PARKER EXCAVATING, INC., a Colorado corporation,

    Plaintiff,

v.

LAFARGE WEST, INC., a Delaware corporation,
MARTIN MARIETTA MATERIALS, INC., a North Carolina corporation,
NICK GUERRA,
ALF RANDALL, in his individual capacity, and
ROBERT SCHMIDT, in his individual capacity,

    Defendants.

_____

ORDER
_____

    This case is before me on Defendants Alf Randall and Robert Schmidt's (collectively the "County Defendants") Motion to Dismiss [Doc # 22]. After consideration of the motion, all related pleadings, and the case file, I grant the County Defendants' motion in part and deny it in part.

**I. Background**

    This action arises out of a road construction project in Pueblo County, Colorado known as the South McCulloch Boulevard Roadway/Drainage Improvement Project (the "Project"). Defendant Lafarge West, Inc. and ("Lafarge") Defendant Martin Marietta Materials, Inc. ("Martin Marietta") each served as general contractor during portions of the Project. Plaintiff Parker Excavating, Inc. ("PEI") is a Native American owned business that served as a


subcontractor on the Project. The County Defendants were employees of the Public Works Department of Pueblo County during the course of the Project.

PEI has asserted claims against the County Defendants in their individual capacities for retaliation under 42 U.S.C. §§ 1981(First Claim for Relief) and for retaliation under 42 U.S.C. §1981 "through § 1983" (Third Claim for Relief) and against County Defendant Randall in his individual capacity for discrimination under 42 U.S.C. §§ 1981 & 1981 "through § 1983"(Second Claim for Relief). The County Defendants argue that they are entitled to the dismissal of all of PEI's claims against them.

## II. Factual Allegations

For purposes of their motion, the County Defendants accept the following materials facts in the Amended Complaint as true unless otherwise noted:

On or about June 8, 2011, Greg Parker ("Parker"), an officer of PEI, met with Defendant Nick Guerra, a representative of Lafarge, and reached an oral agreement for PEI to perform subcontracting work, including traffic control, for the Project. *Id.* at ¶¶ 16 & 17. This oral agreement was later committed to writing. *Id.* at ¶ 20. A subsequent attachment to the written subcontract specifically exempted PEI from providing a bond for its work on the Project. *Id.* at ¶ 22.

Sometime in June of 2011, PEI began expressing concerns with County Defendant Randall's planned method of traffic control for the Project. *Id.* at ¶ 25. Around this same time, PEI alleges that County Defendant Randall was treating PEI in an "unprofessional manner." *Id.* at ¶ 26. On or about July 12, 2011, Parker called Pueblo County Commissioner John Cordova ("Cordova") regarding County Defendant Randall's conduct. *Id.* at ¶ 28. Parker informed

Cordova of PEI's status as a Native American company with Native American employees and officers and his belief that County Defendant Randall's actions were motivated by his dislike of affirmative action or some past animus. *Id.*

On July 13, 2011, Guerra asked Parker to sign apology letters to the County Defendants and a letter of reprimand or face removal from the Project. *Id.* at ¶ 29. Parker complied with Guerra's request. *Id.* at ¶ 30. PEI alleges that it was excluded from weekly construction meetings for the Project and suffered "unprofessional treatment" by Lafarge and the County as a result of its complaints. *Id.* at ¶¶ 31 & 32.

PEI alleges that the County Defendants caused PEI to be treated in an "unprofessional manner" in a number of ways from June 28, 2011 through December 7, 2011. *Id.* at ¶ 33. PEI wrote a letter to Lafarge dated November 3, 2011 in which it informed Lafarge of "perceived discrimination" and detailed some of what it characterizes as "instances of ... unprofessional conduct. *Id.* at ¶ 34. PEI then wrote a letter to County Defendant Randall dated December 7, 2011 in which it stated that "the discrimination shown by Pueblo County towards PEI is unwarranted" and that the County Defendants "have made it clear from the beginning of the Project that they did not want [PEI] to be onsite." *Id.* at ¶ 36.

By letter dated December 12, 2011, County Defendant Randall advised Guerra that PEI/Parker's reaction to a letter regrading deficiencies in traffic control for the Project was not acceptable and asked Guerra to take "whatever steps you deem appropriate to assure that this conduct does not continue." *Id.* at ¶ 43. By letter of the same date, Guerra advised Parker that all subcontractors with contracts in excess of $20,000 were required to provide a bond in order to continue working on the Project. *Id.* at ¶ 44. In this letter, Guerra further stated that since PEI

had indicated that it was unable to provide a bond it would have to "vacate the Project." *Id.*  On or about December 17, 2011, Martin Marrietta and/or Lafarge terminated PEI's subcontract for the Project. *Id.* at ¶ 59.

### III. Standard of Review

Under Rule 12(b)(6), "[d]ismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face." *United States ex rel. Conner v. Salina Regional Health Center,* 543 F.3d 1211, 1217 (10th Cir. 2008) (quotations and citations omitted).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burnett v. Mortg. Elec. Registration Sys., Inc.,* 706 F.3d 1231, 1235 (10th Cir. 2013) (*quoting Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal, supra* (citation omitted).

Although plaintiffs need not provide "detailed factual allegations" to survive a motion to dismiss, they must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Iqbal,* 556 U.S. at 678 (a complaint will not suffice if it tenders "naked assertions devoid of further factual enhancement").  Furthermore, allegations that are conclusory are "not entitled to be assumed true." *Iqbal,* 556 U.S. at 681.

"[I]n general, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings." *Prager v. LaFaver,* 180 F.3d 1185, 1188 (10th Cir. 1999).  Under Rule 12(b)(6), however, a court may

properly consider materials subject to judicial notice such as court files and matters of public record and documents referred to the complaint if the documents are central to the plaintiff's case and their authenticity is not in dispute. *Grynberg v. Koch Gateway Pipeline Co.,* 390 F.3d 1276, 1278 n.1 (10th Cir. 2004) (citations omitted); *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir. 2002).

## IV.  Analysis

### A.  PEI's First Claim Against the County Defendants for Retaliation Under § 1981

The County Defendants argue that PEI's claim for retaliation against them under 42 U.S.C. § 1981 fails as a matter of law pursuant to *Jett v. Dallas Independent School Dist.,* 491 U.S. 701 (1989), because they were state actors performing state functions at all relevant times. I agree.

Section 1981, 42 U.S.C., provides that "[a]ll persons ... shall have the same right ... to make and enforce contracts."  The term "make and enforce" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. § 1981(b).  Section 1983, 42 U.S.C., creates an express cause of action for damages for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" under color of state law.

In *Jett*, the Supreme Court held that § 1983 provides the exclusive damages remedy for the violation of the rights guaranteed by § 1981 by a state actor.  PEI argues that *Jett* is inapplicable in this case because it is suing the County Defendants in their individual, not official, capacities.  However, PEI's Third Claim for Relief under § 1983 alleges that the County Defendants "were state actors acting under color of governmental authority during times relevant

to this complaint." Amended Complaint, ¶ 119. The allegations in PEI's Third Claim for Relief otherwise mirror those in its First Claim for Relief. The other allegations in PEI's Amended Complaint support the conclusion that the alleged wrongful conduct by the County Defendants was undertaken in their capacity as employees of the Pueblo County's Public Works Department. *Id.* at ¶¶ 28 & 33. Under these circumstances, PEI's claim for retaliation against the County Defendants under § 1981 must be dismissed for failure to state a claim upon which relief may be granted.

**B. PEI's Second and Third Claims Against the County Defendants Under § 1981 "Through § 1983"**

PEI's Second Claim for Relief alleges, in part, discrimination against County Defendant Randall under § 1981 "through § 1983," and PEI's Third Claim for Relief alleges retaliation against the County Defendants under § 1981 "through § 1983." The County Defendants argues that these claims fail as a matter of law because they are untimely under the two-year statute of limitations applicable to § 1983 claims. I disagree.

There is authority generally supporting that Colorado's two-year statute of limitations applies to § 1983 claims. *See Whitington v. Sokol,* 491 F. Supp. 2d 1012, 1017 (D. Colo. 2012) ("Colorado law provides a two-year statute of limitations for actions brought pursuant to § 1983."). *See also* C.R.S. § 13-80-102(g) & (i) (establishing a two-year limitations period for "[a]ll actions upon liability created by a federal statute where no limitation period is provided in said federal statute" and for "[a]ll other actions of every kind for which no other period of limitation is provided"). PEI argues that this case is distinguishable, however, because its § 1983 claims allege violations of § 1981. As such, PEI agues that these claims are governed by 28 U.S.C. § 1658(a) which provides that "... a civil action arising under an Act of Congress

enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." I agree.

In *Jones v. R.R. Donnelley,* 541 U.S. 369, 382-3 (2004), the Supreme Court held that the plaintiffs' race discrimination claims under § 1981 fell within the scope of § 1658's four-year statute of limitations because the claims were made possible by a 1991 amendment to § 1981that expanded the scope of the term "make and enforce contracts" to include the "termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  PEI asserts that its § 1981 claims likewise were made possible by the 1991 amendment to § 1981, and the County Defendant do not dispute this assertion.

While *Jones* did not involve an alleged violation of rights under § 1981 via a § 1983 claim, the Supreme Court acknowledged in *City of Rancho Palos Verdes v. Abrams,* 544 U.S. 113, 123 n. 5 (2005), that a § 1983 claim may be subject to § 1658's four-year statute of limitations depending upon the statutory violation alleged.  Relying on *Jones* and *Abrams*, several courts have applied § 1658's four-year limitations period to § 1983 claims based on alleged violations of § 1981 as amended in 1991.  *See e.g. Baker v. Birmingham Bd. of Educ.,* 531 F.3d 1336, 1338-9 (11th Cir. 2008) (district court erred in applying two-year § 1983 statute of limitations because plaintiff's § 1981 claims were made possible by 1991 amendments); *Allstate Sweeping, LLC v. City & County of Denver,* 838 F. Supp. 2d 1135, 1141-2, *rev'd on other grounds,* 706 F.3d 1261 (10th Cir. 2013) (same).  *See also Mveng-Whitted v. Virginia State Univ.,* 927 F. Supp.2d 275, 277-8 (E.D. Va. 2013) (applying § 1658's four-year state of limitations to § 1981 claims made possible by 1991 amendments and recognzing that the "weight of authority around the country" supports the Eleventh Circuit's reasoning in *Baker, supra*).

I likewise conclude that PEI's claims against the County Defendants under § 1981 "through § 1983" are governed by § 1658 and subject to a 4 four-year limitations period. The contract from which PEI's § 1981 claims brought via § 1983 arise was formed in 2011. Since these claims are based on the County Defendant's conduct after formation of the contract, this conduct could not have occurred before 2011. PEI's original complaint filed on May 30, 2014 was therefore timely filed under the applicable four-year statute of limitations.

**C. The Sufficiency of PEI's Allegations Against the County Defendants**

The County Defendants also argue that all of PEI's claims against them fail as a mater of law because PEI has not specifically identified any conduct by them that violated PEI's § 1981 rights. In response, PEI first argues that the County Defendants failed to comply with a local practice standard that does not apply to motions before me. Nonetheless, there is merit to PEI's assertion that the County Defendants' cursory argument does not clearly identify the alleged deficiencies in PEI's allegations against them. In contrast, PEI's response sets forth in detail the elements of its claims and the facts it has alleged to establish each of these elements. Under these circumstances, I conclude that PEI's allegations are sufficient to survive the dismissal of its Second and Third Claims for Relief against the County Defendants.

## IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The County Defendants' Motion to Dismiss [Doc # 22] is GRANTED IN PART and DENIED IN PART;

2. PEI's First Claim for Relief for retaliation under § 1981 against the County Defendants is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted; and

3. The County Defendants' Motion to Dismiss is DENIED with respect to PEI's Second and Third Claims for Relief.

Dated: January  8 , 2015 in Denver, Colorado.

                                                BY THE COURT:

                                                  s/Lewis T. Babcock
                                                LEWIS T. BABCOCK, JUDGE