IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01534-LTB-MJW

PARKER EXCAVATING, INC., a Colorado corporation,

Plaintiff,

v.

LAFARGE WEST, INC., a Delaware corporation,
MARTIN MARIETTA MATERIALS, INC., a North Carolina corporation,
FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation,
NICK GUERRA,
ALF RANDALL, in his individual capacity and
ROBERT SCHMIDT, in his individual capacity,

Defendants.

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that MMM and Mr. Guerra's Motion to Preclude Parker Excavating from Introducing Documents Contained in Its First Supplemental Disclosure or Testimony Related to Those Documents (docket no. 96) and LaFarge West, Inc. and Fidelity and Deposit Company of Maryland's Joinder in MMM and Mr. Guerra's Motion Preclude Parker Excavating from Introducing Documents Contained in Its First Supplemental Disclosure or Testimony Related to Those Documents (docket no. 106) are both **GRANTED,** but finding that striking Plaintiff's expert Mr. Schwartzkopt's testimony and supplemental discovery if offered at trial **are not** appropriate sanctions as this case is currently postured, but other sanctions as listed below are appropriate.

It is **FURTHER ORDERED** that Defendants may take a second deposition of Plaintiff's expert Mr. Schwartzkopt.  The second deposition shall be no more than five (5) hours, and the scope of this second deposition shall not be duplicative of Mr. Schwartzkopt's first deposition.  Plaintiff shall pay the cost for this second deposition, which costs shall include the cost for Mr. Schwartzkopt's deposition hourly rate [i.e., his time for his second deposition], Mr. Schwartzkopt's transportation, lodging, and food cost, Mr. Schwartzkopt's preparation time for the second deposition, the cost of the court reporter, and the costs of any conference room for the second deposition.

It is **FURTHER ORDERED** that Plaintiff shall pay to Defendants Martin Marietta Materials, Inc., and Nick Guerra reasonable and necessary attorney fees and costs for the subject motion (docket no. 96).  Plaintiff and Defendants Martin Marietta Materials,

2

Inc., and Nick Guerra shall forthwith meet and confer to see if they can agree upon the amount of attorney fees and costs for this subject motion (docket no. 96). If they can agree, then they shall file with the court a Stipulated Motion outlining the amount of attorney fees and costs agreed upon by **August 14, 2015.** If Plaintiff and Defendants Martin Marietta Materials, Inc., and Nick Guerra cannot agree upon the amount of attorney fees and costs for the subject motion (docket no. 96), then Defendants Martin Marietta Materials, Inc., and Nick Guerra shall file their itemized affidavit for attorney fees and costs for the subject motion (docket no. 96) with the court by **August 14, 2015.** Plaintiff shall file its response to the itemized affidavit for attorney fees and costs by **August 28, 2014.**

It is **FURTHER ORDERED** that the discovery cut-off date is extended to **August 31, 2015,** for the limited purpose of taking a second deposition of Mr. Schwartzkopt **ONLY**.

Where a party fails to comply with Rule 26, the opposing party has recourse in Rule 37, which provides, in relevant part: "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) also provides for additional or alternative sanctions, including payment of attorneys' fees, jury instructions regarding the nondisclosure, and discovery-related sanctions. Id. The non-moving party has the burden of showing that it was substantially justified in failing to comply with Rule 26(a)(1). Nguyen v. IBP, Inc., 162 F.R.D. 675, 680 (D.Kan.1995). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999) (quoting Mid–Am. Tablewares, Inc. v. Moqi Trading Co., 100 F.3d 1353, 1363 (7th Cir. 1996)). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." Id. (citing United States v. $9,041,598.68, 163 F.3d 238, 252 (5th Cir. 1998)). However, the Tenth Circuit set forth four factors the Court should consider to guide its discretion in determining whether a Rule 26(a) violation is substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." Id. (citations omitted); see also Jacobsen v. Deseret Book Co., 287 F.3d 936, 953 (10th Cir. 2002). In analyzing these factors, the Tenth Circuit has admonished courts that "the decision to exclude evidence is a drastic sanction." Summers v. Mo. Pac. R.R. Sys., 132 F.3d 599, 604 (10th Cir. 1997).

Regarding the first factor, I find that Plaintiff provided Defendants Martin Marietta Materials, Inc., and Nick Guerra at the eleventh hour (i.e., hours before the discovery cut-off on May 4, 2015) 8,735 pages and over 2.1 GB of data which Plaintiff's expert, Ms. Schwartzkopt, relied upon for his expert opinions. The Defendants **did not** receive

these documents listed above at the time they received Mr. Schwartzkopt's report on January 15, 2015.  Logically, if these 8,735 pages were reviewed and considered by Mr. Schwartzkopt in preparation of his expert opinions and report, they should have been produced prior to or at the same time as Mr. Schwartzkopt's expert written report. On January 15, 2015, Parker Excavating disclosed Mr. Schwarzkopt's expert report to Defendants.  On May 5, 2015, Defendants received in the form of PDFs additional written discovery totaling 2,991 pages that were represented by Plaintiff were all of the Schwartzkopt documents.  See Parker Excavating's First Supplement Disclosure- exhibit B attached to the subject motion (docket no. 96).  The deposition of Mr. Schwartzkopt was scheduled for May 13, 2015.

Regarding the second factor, I find this lack of full disclosure as outlined above by the Plaintiff can cured by further orders of this court since the Trial Preparation Conference **is not** set until January 22, 2016, and the Jury Trial is not set until February 22, 2016, before Senior District Judge Babcock.

Regarding the third factor, I find that the Jury Trial **is not** set until February 22, 2016, and there is sufficient time to allow Defendants to take a second deposition of Mr. Schwartzkopt and to seek amendment to the Final Pretrial Order (docket no. 99).

Regarding the fourth factor, I find that although Plaintiff waited until the eleventh hour, as stated above, to disclose written discovery clearly relevant to Mr. Schwartzkopt's written expert opinions, the court can fashion appropriate sanctions cure any prejudice to Defendants.

Date: July 27, 2015