IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 14-cv-01534-LTB-MJW

PARKER EXCAVATING, INC., a Colorado corporation,

    Plaintiff,

v.

LAFARGE WEST, INC., a Delaware corporation,
MARTIN MARIETTA MATERIALS, INC., a North Carolina corporation,
NICK GUERRA,
ALF RANDALL, in his individual capacity, and
ROBERT SCHMIDT, in his individual capacity,

    Defendants.

_____

ORDER
_____

    This case is before me on Defendants Alf Randall and Robert Schmidt's Motion for Stay of Further Litigation Activities [Doc # 81]. By the Motion, Randall and Schmidt seek an order staying all further litigation activities until the Court rules on their Motion for Summary Judgment [ Doc # 79] which asserts, in part, that they are entitled to qualified immunity under the facts of this case. After consideration of the motion, all related pleadings, and the case file, I deny Defendants' Motion.

    This action arises out of a road construction project in Pueblo County, Colorado known as the South McCulloch Boulevard Roadway/Drainage Improvement Project (the "Project"). Plaintiff served as a subcontractor on the Project and alleges discrimination based on its status as a "Native American Company." Defendants Randall and Schmidt were employees of the Public

Works Department of Pueblo County during the course of the Project and have asserted that they are entitled to qualified immunity in a motion for summary judgment filed on June 19, 2015. Plaintiff's response to the summary judgment motion is due on August 11, 2015 with a reply to follow. Discovery in this case has been completed, and a ten day jury trial is set to commence on February 22, 2016.

"Qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation." *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992). Thus, discovery should either be stayed following the assertion of a qualified immunity defense or tailored specifically to resolving the immunity question. *Id.*

Had Defendants Randall and Schmidt filed their motion prior to the completion of discovery, they would have had a compelling argument for the requested stay. Under the current posture of this case, however, it is difficult to ascertain the "demands of litigation" that Defendants seek to avoid. In fact, Defendants do not identify any specific "litigation activities" that would be affected by the entry of the requested stay, and Plaintiff points out that the remaining trial preparation activities are typically not undertaken this far in advance of trial.

Although I decline to enter a stay at this time based on the pleadings before me and the current posture of the case, I will entertain future motions for a stay in recognition of the well-established precedent supporting such relief when the defense of qualified immunity has been raised. *See e.g. Harlow v. Fitzgerald,* 457 U.S. 800, 817-18 (1982).

IT IS THEREFORE ORDERED that Defendants Alf Randall and Robert Schmidt's Motion for Stay of Further Litigation Activities [Doc # 81] is DENIED WITHOUT PREJUDICE.

Dated: August __6__, 2015 in Denver, Colorado.

                                          BY THE COURT:

                                          __s/Lewis T. Babcock__
                                          LEWIS T. BABCOCK, JUDGE