IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01534-LTB-MJW

PARKER EXCAVATING, INC., a Colorado corporation,

Plaintiff,

v.

LAFARGE WEST, INC., a Delaware corporation,
MARTIN MARIETTA MATERIALS, INC., a North Carolina corporation,
FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation,
NICK GUERRA,
ALF RANDALL, in his individual capacity and
ROBERT SCHMIDT, in his individual capacity,

Defendants.

---

**ORDER REGARDING
ATTORNEY FEES AND COSTS
(DOCKET NOS. 96 AND 111)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court for consideration of attorney fees and costs based upon this court's Minute Order regarding Defendants MMM, Inc. and Mr. Guerra's Motion to Preclude Parker Excavation from Introducing Documents Contained in It's First Supplemental Disclosure or Testimony Related to Those Documents.  See docket nos. 96 and 111.  The court has reviewed the docket nos. 111, 133, 137, 140, and 147.  In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

2

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That on July 27, 2015, this court entered the following Minute Order, *in pertinent part* (docket no. 111):

> It is hereby **ORDERED** that MMM and Mr. Guerra's Motion to Preclude Parker Excavating from Introducing Documents Contained in Its First Supplemental Disclosure or Testimony Related to Those Documents (docket no. 96) and LaFarge West, Inc. and Fidelity and Deposit Company of Maryland's Joinder in MMM and Mr. Guerra's Motion Preclude Parker Excavating from Introducing Documents Contained in Its First Supplemental Disclosure or Testimony Related to Those Documents (docket no. 106) are both **GRANTED,** but finding that striking Plaintiff's expert Mr. Schwartzkopt's testimony and supplemental discovery if offered at trial **are not** appropriate sanctions as this case is currently postured, but other sanctions as listed below are appropriate.
>
> It is **FURTHER ORDERED** that Plaintiff shall pay to Defendants Martin Marietta Materials, Inc., and Nick Guerra reasonable and necessary attorney fees and costs for the subject motion (docket no. 96). Plaintiff and Defendants Martin Marietta Materials, Inc., and Nick Guerra shall forthwith meet and confer to see if they can agree upon the amount of attorney fees and costs for this subject motion(docket no. 96). If they can agree, then they shall file with the court a Stipulated Motion outlining the amount of attorney fees and costs agreed upon by **August 14, 2015.** If Plaintiff and Defendants Martin Marietta Materials, Inc., and Nick Guerra cannot agree upon the amount of attorney fees and costs for the subject motion (docket no. 96), then Defendants Martin Marietta Materials, Inc., and Nick Guerra shall file their itemized affidavit for attorney fees and costs for the subject motion (docket no. 96) with the court by

3

> **August 14, 2015.** Plaintiff shall file its response to the itemized affidavit for attorney fees and costs by **August 28, 2014.**;

5. That Plaintiff and Defendants MMM and Mr. Guerra were unable to agree upon the amount of attorney fees and costs;

6. That the benchmark for an award of attorney fees under nearly all of the federal statutes authorizing an award of attorney fees is that the amount of the fees awarded be "reasonable." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 562 (1986). "The lodestar figure - reasonable hours times reasonable rate - is the mainstay of the calculation of a reasonable fee." Anderson v. Secretary of Health & Human Servs., 80 F.3d 1500, 1504 (10th Cir. 1996).

In this case, the court has considered those factors as outlined in the cases of Poolaw v. City of Anadarko, Okl., 738 F.2d 364, 368 (10th Cir. 1984), overruled on other grounds, Skinner v. Total Petroleum, Inc., 859 F.2d 1439, 1445 n.6 (10th Cir. 1988), and Blanchard v. Bergeron, 489 U.S. 87 (1989).  Taking these factors into consideration, I find that the **discounted hourly rates** for Attorneys Jonathan G. Pray- $390.00 per hour; Kathryn A. Barrett - $345.00 per hour; Penny G. Lalonde - $235.00 per hour; Kendra K. Smith - $250.00 per hour; and Cole J. Woodward - $220.00 per hour [see docket no. 147-1] are fair and reasonable hourly rates for

4

attorneys practicing law in Denver, Colorado. In addition, I find that attorney time billed as itemized in Exhibit B (docket no. 133-2) to prepare and prosecute the subject motion (docket no. 96) was necessary and reasonable. I further find that the costs in the amount of $664.15 incurred by counsel for the Defendants MMM and Mr. Guerra is fair, reasonable, and necessary in preparing and prosecuting the subject motion (docket no. 96). See itemized costs in Exhibit C (docket no. 133-3). Accordingly, Plaintiff should pay to Defendants MMM and Mr. Guerra the sum of $10,215.00 in reasonable and necessary attorney fees and costs in the amount of $664.15.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff Parker Excavating, Inc. shall pay to Defendants MMM, Inc. and Nick Guerra reasonable and necessary Attorneys Fees in the amount of $10,215.00 and costs in the amount of $664.15 by November 30, 2015.

2. That this court's Minute Order [dated July 27, 2015] regarding Defendants MMM and Mr. Guerra's Motion to Preclude Parker Excavation from Introducing Documents Contained in It's First Supplemental Disclosure or Testimony Related to Those Documents (docket no. 111) is amended consistent with this Order.

5

Done this 29th day of October 2015.

BY THE COURT

<u>s/Michael J. Watanabe</u>
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE