IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 14-cv-01534-LTB-MJW

PARKER EXCAVATING, INC., a Colorado corporation,

    Plaintiff,

v.

LAFARGE WEST, INC., a Delaware corporation,
MARTIN MARIETTA MATERIALS, INC., a North Carolina corporation,
FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation,
NICK GUERRA,
ALF RANDALL, in his individual capacity, and
ROBERT SCHMIDT, in his individual capacity,

    Defendants.

___

ORDER
___

    This case is before me on Defendants Lafarge West, Inc. and Fidelity and Deposit Company of Maryland's (the "Moving Defendants") Motion to Exclude Opinions of William Schwartzkopf [Doc # 86]. After consideration of the motion, all related pleadings, and the case file, I deny the Moving Defendants' motion.

## I. Background

    This action arises out of a road construction project in Pueblo County, Colorado known as the South McCulloch Boulevard Roadway/Drainage Improvement Project (the "Project"). Plaintiff Parker Excavating, Inc. ("PEI") is a Native American owned business that served as a subcontractor on the Project performing asphalt milling and traffic control work. Defendant Lafarge West, Inc. ("Lafarge"), initially served as the general contractor for the Project but then

assigned its contract with Pueblo County to Defendant Martin Marietta Materials, Inc. ("Martin Marietta").  Defendant Fidelity and Deposit Company of Maryland ("Fidelity") issued a labors and materials payment bond (the "Bond") for the Project.

PEI asserts claims against Lafarge and Martin Marietta for (1) retaliation under 42 U.S.C. § 1981; (2) breach of the subcontract; (3) breach of equipment rental agreements; (4) unjust enrichment; (5) conversion; (6) civil theft; and (7) malicious, willful, and wanton breach of contract.  PEI also asserts a claim on the Bond against Lafarge and Fidelity and a claim for intentional interference with contract against Martin Marietta.

PEI has disclosed William Schwartzkopf as a damages expert.  The Moving Defendants do not dispute Mr. Schwartzkopf's qualifications or his calculations.  Rather, the Moving Defendants assert that Mr. Scwartzkopf's opinions should be excluded on the basis that his report refers to Lafarge and Martin Marietta collectively as "Lafarge" and fails to provide a reasonable basis for the jury to award damages against any particular defendant.  The Moving Defendants argue that Mr. Schwartzkopf's failure to distinguish between Lafarge and Martin Marietta in his damages analysis render his opinions unreliable, irrelevant, and unfairly prejudicial to them.

## I. Legal Standard

Rule 702 provides that, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the

expert has reliably applied the principles and methods to the facts of the case."

If satisfied that an expert is qualified, the court must determine whether the expert's opinions are reliable under the principles set forth in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993). *103 Investors I, L.P. v. Square D Co.,* 470 F.3d 985, 990 (10th Cir. 2006). In determining reliability, the court may consider the following nondispositive factors:

> (1) whether the proffered theory can and has been tested; (2) whether the theory has been subject to peer review; (3) the known or potential rate of error; and (4) the general acceptance of a methodology in the relevant scientific community.

*Daubert,* 509 U.S. at 593-94. *See also Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 151-52 (1999) (factors set forth in *Daubert* may also be considered where expert relies on skill or experience as opposed to the application of scientific principles). Reliability questions may concern the expert's data, method, or his application of the method to the data. *See Mitchell v. Gencorp Inc.*, 165 F.3d 778, 782 (10th Cir. 1999). The party offering the expert "must show that the method employed by the expert . . . is scientifically sound and that the opinion is based on facts which satisfy Rule 702's reliability requirements." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) ("Generally, the district court should focus on an expert's methodology rather than the conclusions it generates.").

Under Rule 702, a district court acts as a "gatekeeper" to ensure that proffered expert testimony "both rests on a reliable foundation and is relevant to the task at hand." *Daubert,* 509 U.S. at 597. "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Id.* at 591 (quoting 3 Weinstein & Berger ¶ 702[02], p. 702-18). *See also U.S. v. Rodriguez-Felix,* 450 F.3d 1117, 1122 (10th Cir. 2006) ("Under Rule 702, a district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will

assist the trier of fact, before permitting a jury to assess such testimony."); *Bitler v. A.O. Smith Corp.,* 400 F.3d 1227, 1234 (10th Cir. 2004) ("Even if an expert's proffered evidence is scientifically valid and follows appropriately reliable methodologies, it might not have sufficient bearing on the issue at hand to warrant a determination that it has a relevant 'fit.'").

To satisfy the gatekeeper function mandated in *Daubert*, a trial court must create a sufficiently developed record, make a concrete reliability determination, and make specific findings with adequate discussion on the record regarding its determination. *See Dodge*, 328 F.3d at 1223. The manner in which the trial court performs its gatekeeper function is reviewed for an abuse of discretion. *See Kumho Tire,* 526 U.S. at 152 (explaining that broad discretion applies both to trial court's decision as to how to assess an expert's reliability, including whether special briefing or other proceedings are necessary, and its ultimate determination of reliability); *Dodge*, 328 F.3d at 1223 ("Though the district court has discretion in how it conducts the gatekeeper function, we have recognized that it has no discretion to avoid performing the gatekeeper function"). Provided the district court performs this role, review is deferential and will not be disturbed unless it is "arbitrary, capricious, whimsical or manifestly unreasonable," or the court is "convinced that the district court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Dodge*, 328 F.3d at 1208-09 (internal quotation marks omitted).

Even if expert testimony would otherwise be admissible, it is still subject to exclusion under Fed. R. Evid. 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly resenting cumulative evidence."

It is a question for the jury as to the weight to be given to expert testimony that is admitted at trial.  *Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."); *Compton v. Subaru of Am., Inc.*, 82 F.3d 1513, 1518 (10th Cir. 1996), overruled on other grounds by *Kumho Tire*, 526 U.S. 137 (1999) ("[A]s long as a logical basis exists for an expert's opinion the weaknesses in the underpinnings of the opinion go to the weight and not the admissibility of the testimony.") (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 663 (11th Cir. 1988)).

## II.  Analysis

It is undisputed that Mr. Schwartkopf has no opinion as to whether Lafarge or Martin Marietta is liable for the damages that he calculates PEI has suffered in connection with the Project, *see* Response, pp. 7-8; Reply, p.3, and it is apparent from the motion and related pleadings that the parties themselves have significant disagreements relating to this legal issue.  Furthermore, the Moving Defendants concede that it would be inappropriate for Mr. Schwartzkopf to render an opinion on the ultimate issue for the jury of each Defendant's respective liability, if any, to PEI  but nonetheless argue that Mr. Schwartzkopf's opinions are flawed because they fail to provide the jury with any reasonable basis to award damages against any particular Defendant.  It is unclear how Mr. Scwartzkopf could rectify this alleged shortcoming in his opinions on damages without opining about Defendants' respective liability to PEI.

More importantly, that fact that Mr. Schawrtzkopf does not opine about the amount of damages each Defendant should be responsible for does not render his opinions unreliable or

irrelevant since the total amount of damages that should be awarded if the jury finds in favor of PEI is still an issue in the case.  There is, however, some merit to the Moving Defendants' argument that Mr. Schwartzkopf's shorthard use of the term "Lafarge" to refer to both Lafarge and Martin Marietta is potentially confusing and misleading to the jury and creates the risk that jury will assume that he is opining that Lafarge is liable for all of PEI's damages.  This situation can be easily remedied by less punitive measures that the outright exclusion of all of Mr. Schwatzkopf's opinions.  These measures can be best addressed in the context of the trial but include having Mr. Schwartzkopf distinguish between Lafarge and Martin Marietta where possible and using a different term to refer to these entities collectively; cross examination of Mr. Schwartzkopf; and appropriate jury instructions.

Following consideration of the Moving Defendants' limited objections to the opinions of Mr. Schwatzkopf, I conclude that these opinions are reliable and relevant to the issue of damages and not unfairly prejudicial to the Moving Defendants.

IT IS THEREFORE ORDERED that:

1. Defendants Lafarge West, Inc. and Fidelity and Deposit Company of Maryland's Motion to Exclude Opinions of William Schwartzkopf [Doc # 86] is DENIED; and

2. Nothing in this Order shall preclude Defendants from objecting to Mr. Schwartzkopf's testimony at trial.

Dated: November __5__, 2015 in Denver, Colorado.

                                              BY THE COURT:

                                                 s/Lewis T. Babcock
                                              LEWIS T. BABCOCK, JUDGE